UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONNELL D. YORK,

                Petitioner,

     - against –

WARDEN SHANNON,

                Respondent.

**MEMORANDUM AND ORDER**
22-CV-2663 (PKC)

PAMELA K. CHEN, United States District Judge:

      Petitioner Donnell D. York ("Petitioner"), appearing *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. A state court pretrial detainee, Petitioner alleges that he was unlawfully extradited from Orange County, Florida to New York without being made aware of his rights to an extradition hearing and his right to be represented by counsel. (Pet. Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), Dkt. 1, at ECF 2–3.)[1] Petitioner also claims that the police committed various constitutional and procedural errors when arresting him, including that his arrest lacked probable cause, that his fugitive warrant included errors as to the charges against him in New York, and that officers failed to arraign and adequately present the charges against him. (*Id.* at ECF 6–8.) As a remedy, Petitioner seeks "automatic dismissal with prejudice of any indictment information or complaint against [him], and return . . . to the original place of imprisonment." (*Id.* at ECF 8.) The Kings County District Attorney's Office has responded by contesting Petitioner's account of the facts underlying the fugitive warrant issued by New York State and Petitioner's extradition, and arguing that: (1) this Court should abstain from reviewing the petition, (2) Petitioner failed to exhaust state remedies, and (3) Petitioner has not provided a

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

legal basis upon which this Court could issue a writ of habeas corpus. (*See generally* Aff. Opp'n Peti. Writ of Habeas Corpus and Mem. Law, Dkt. 5.) Petitioner subsequently filed a letter largely restating the relevant facts from his petition and requesting that he be granted the ability to "bail out," while still being allowed to pursue his petition for habeas corpus relief. (*See* 10/12/2022 Letter, Dkt. 9.)

For the reasons set forth below, the petition for a writ of *habeas corpus* is dismissed without prejudice.

## DISCUSSION

### I. Legal Standards

Federal courts may grant habeas relief pursuant to 28 U.S.C. § 2241 to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 can supply relief for state pretrial detainees. *See, e.g.*, *Fredricks v. Hallett*, No. 21-CV-3690 (LTS), 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021) ("[A] state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of habeas corpus under 28 U.S.C. § 2241." (collecting cases)). As such, 28 U.S.C. § 2241 is generally understood as the correct vehicle for a federal habeas challenge to extradition. *See Dr. Pat McPherron v. New York*, 2016 WL 4523933 (FJS), at *3 (N.D.N.Y. Aug. 22, 2016) ("Prisoners have used section 2241 to challenge extradition from one state to another.") (citing *Edwards v. Bowles*, No. 03-CV-2624 (ICR), 2004 WL 308036 (N.D. Tex. Feb 18, 2004), *report and recommendation adopted*, 2004 WL 741290 (N.D. Tex. Mar. 16, 2004), and *Stewart v. New York*, No. 08-CV-1127, [2008 U.S. Dist. LEXIS 125678], at *3–4 (N.D.N.Y. Nov. 7, 2008) (citations omitted)). A petitioner seeking relief under 28 U.S.C. § 2241 must exhaust available state court remedies. *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While

28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *see also Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489–90 (1973) (requiring exhaustion for a habeas petition brought under Section 2241 alleging denial of speedy trial); *Whelan v. Noelle*, 966 F. Supp. 992, 997–99 (D. Or. 1997) (requiring exhaustion for habeas petition brought under Section 2241 challenging extradition). To exhaust state remedies properly, a petitioner must "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

A *pro se* petitioner's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court must construe the pleadings of a *pro se* petitioner liberally and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted) (collecting cases). Nonetheless, a *pro se* petitioner is not exempt from compliance with relevant rules of procedural and substantive law. *See Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

**II.     Application**

Petitioner brings this federal challenge to his extradition from state custody in Florida to state custody in New York without any indication that he has attempted to exhaust state remedies in either state. Both New York and Florida describe state remedies for improper extradition

proceedings in their respective extradition statutes, namely via state habeas petitions. *See* N.Y. Crim. Proc. Law § 570.24 (McKinney's 2022); Fla. Stat. § 941.10 (2022). Additionally, federal courts in both states have previously found that Section 2241 challenges to state extradition practices may only be brought after state remedies have been exhausted. *See, e.g.*, *Dr. Pat McPherron* , 2016 WL 4523933, at *3 (finding that a habeas petitioner "has not met the exhaustion requirement" where he failed to challenge his extradition in state court); *Turner v. McNeil*, No. 22-CV-102 (MW), 2022 WL 1308047, at *4 (N.D. Fl. Apr. 4, 2022) (finding that Petitioner seeking federal habeas relief based on challenge to extradition procedure should have exhausted state remedies by petitioning for habeas in state court and by appealing the orders committing him to detention and denying him bail.), *Turner v. Sheriff Walt McNeil*, 2022 WL 1303333 (N.D. Fla. May 2, 2022). Therefore, it appears that Petitioner has failed to procedurally exhaust his claims through state administrative or judicial channels. This failure alone warrants dismissal of the petition.

Regarding Petitioner's October 22, 2022, Letter (Dkt. 9), the Court construes it as a request for advice regarding whether he may preserve his petition for habeas corpus relief even if he is released on bail. Because that request is moot in light of the dismissal of his petition, the Court need not, and does not, resolve that issue.

## CONCLUSION

For the reasons stated above, Petitioner's claims are dismissed without prejudice. Because the Court declines to reach the merits of Petitioner's petition and dismisses it purely on procedural grounds, Mr. York's filing of a subsequent petition asserting the same grounds for relief shall not count as a "second" or "successive" petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003). As Mr. York

has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. N.Y. Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). However, in light of Petitioner's *pro se* status, he is permitted thirty (30) days to file an amended petition setting forth, if he can, facts establishing that he has exhausted state remedies in New York and/or Florida. If Petitioner fails to timely file an amended complaint or file an amended complaint that sufficiently demonstrates exhaustion, this matter will be terminated.

Furthermore, although Petitioner has paid the $5 filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 4th, 2022
     Brooklyn, New York